George Sitaras, Esq. (GS-7148)
Marco & Sitaras, PLLC
Attorneys for Plaintiff
33 Whitehall Street, 16th Floor
New York, New York 10004
Tel (212) 430-6410
E-mail: george@gmgslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSENWACH TANK CO. LLC,

                                        Plaintiff,

          - against -

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,

                                  Defendants.
-------------------------------------------------------------------X

Case No.:

COMPLAINT

        Plaintiff, ROSENWACH TANK CO. LLC, by and through its undersigned counsel, Marco & Sitaras, PLLC, makes the following Complaint:

### NATURE OF THE ACTION

        1.     This is an action to collect the unpaid amount due to plaintiff Rosenwach Tank Co. LLC ("Plaintiff") from defendants Fidelity and Deposit Company of Maryland (the "Surety") based on a payment bond issued by the Surety, Bond No. 9132910 (the "Payment Bond"), pursuant to which the Surety promised to make prompt payment to subcontractors and suppliers hired by its principal, APS Contracting Inc. ("APS"), in connection with a construction contract between APS, as general contractor, and the New York City Housing Authority ("NYCHA"), as owner, under NYCHA Contract No. RF 1321094 (the "Contract"), for the "Exterior Restoration and

Roofing Replacement" at NYCHA's Pomonok Houses, located at 67-10 Parsons Blvd., Queens, New York (the "Project").

2. Plaintiff was hired by APS to furnish certain labor, materials and services in connection the replacement of the water tank and related systems at the Project, for which there is an unpaid balance due and owing Plaintiff in the sum of $377,075.13, and for which the Surety is liable under the Payment Bond.

## PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 43-02 Ditmars Blvd., 2nd Floor, Astoria, New York.

4. Upon information and belief, Fidelity is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 601967.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(2) by reason of diversity of citizenship of the parties and the amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claims herein occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## FIRST COUNT
### (Payment Due Under the Payment Bond)

7. Upon information and belief, in or about April 2014, APS, as general contractor, entered into the Contract with NYCHA, as owner, for the Project.

8. Pursuant to the Contract, on or about April 23, 2014, APS, as principal, and the Surety, as surety, for good and valuable consideration, duly executed and furnished the Payment Bond to NYCHA in the penal sum of $46,209,001.53, pursuant to which the Surety is obligated to pay all lawful claims for costs of labor performed, services rendered, and materials, equipment and supplies furnished to the principal, APS, for the Project.

9. A true and correct copy of the Payment Bond is incorporated herein and attached hereto as Exhibit "A".

10. In or about July 2014, APS hired and retained Plaintiff pursuant to an agreement to provide certain labor, materials and supplies in connection with the replacement of the water tank and related systems at the Project for the total agreed upon price of $565,000.00.

11. Plaintiff duly performed and completed all of the base contract work under the aforesaid agreement for the total agreed price of $565,000.00.

12. During the course of the Project, APS directed and ordered Plaintiff to perform extra work, the agreed upon value of which was $65,430.19.

13. Plaintiff duly performed and completed all of the extra work that was directed and ordered by APS for the total sum of $65,430.19.

14. During the course of the Project, APS ordered and directed changes to Plaintiff's scope of work, which resulting in credits given by Plaintiff in favor of APS in the amount of $16,000.00 for a deductive change order related to a 60 foot long overflow pipe, and a credit in the amount of $1,800.00 in connection with certain adjustments to the ladder/cage component of Plaintiff's work.

15. As a result of the extra work and aforementioned changes to the work ordered and directed by APS during the course of Project, the price of Plaintiff's work increased to the sum of $612,630.19.

16. Plaintiff fully performed and completed all of the work required under the parties' agreement and the extra work that was directed and ordered by APS in the sum of $612,630.19, no part of which has been paid, except for the sum of $235,555.06, leaving an amount due and owing Plaintiff from APS in the amount of $377,075.13.

17. APS has failed to pay Plaintiff the sum of $377,075.13, despite Plaintiff's demands.

18. On December 13, 2016, Plaintiff, by and through its attorneys, duly submitted to the Surety a Notice of Claim upon the Payment Bond, demanding payment from the Surety in the amount of $378,875.13, which excluded the aforementioned credit given by Plaintiff to APS in the amount of $1,800.00 in connection with change to the ladder/cage component of the work.

19. A true and complete copy of the aforementioned December 13, 2016 Notice of Claim is annexed hereto as Exhibit "B".

20. The Surety responded to Plaintiff's Notice of Claim by letter dated December 29, 2016, in which it confirmed, *inter alia*, receipt of Plaintiff's Notice of Claim, that it was investigating the Plaintiff's claim, and requested Plaintiff to submit a "proof of claim form" in the form enclosed therewith.

21. A true and complete copy of the aforementioned December 29, 2016, correspondence from the Surety responding to Plaintiff's Notice of Claim is annexed hereto as Exhibit "C".

22. On January 11, 2017, Plaintiff, by and through its attorneys, duly submitted the requested "proof of claim" to the Surety in the sum of $377,075.13, together with all supporting documentation requested by the Surety in its December 29, 2016 correspondence.

23. A true and complete copy of the January 11, 2017 letter, including the Plaintiff's proof of claim and supporting documentation, is annexed hereto as Exhibit "D".

24. The Surety failed to respond to the Plaintiff's Proof of Claim.

25. Upon information and belief, the Surety failed to reasonably investigate Plaintiff's claim.

26. Plaintiff fully performed all of its obligations owed toward the Surety and/or the principal under the Payment Bond.

27. All conditions precedent required by law and/or the terms of the Payment Bond have occurred or have been satisfied so that this action can be commenced.

28. Under the terms and conditions of the Payment Bond, the Surety is liable to the Plaintiff for the full amount due Plaintiff from APS in the amount of $377,075.13.

29. By reason of the foregoing, there is now an amount due and owing from the Surety to Plaintiff under the Payment Bond for a sum certain in the amount of $377,075.13, plus interest at the statutory rate from January 31, 2017, together with costs and disbursements incurred in this action.

## SECOND COUNT
### (For Attorney's Fees Under N.Y. State Finance Law §137(4)(c))

30. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs 1 through 28 with the same force and effect as if fully set forth at length herein.

31. N.Y. State Finance Law §137(4)(c) provides:

> In any action on a payment bond furnished pursuant to this section, any judgment in favor of a subcontractor or material supplier may include provision for the payment of interest upon the amount recovered from the date when demand for payment was made pursuant to the labor and material payment bond and provided further that the court may determine and award reasonable attorney's fee to either party to such action when, upon reviewing the entire record, it appears that either the original claim or the defense interposed to such claim is without substantial basis in fact or law.

32. Plaintiff, by and through its attorneys, duly notified the Surety of Plaintiff's claim in the sum of $377,075.13, pursuant to the Payment Bond.

33. Plaintiff, by and through its attorneys, submitted to the Surety, all information and back-up information requested by the Surety.

34. The Surety had a reasonable opportunity to investigate the Plaintiff's claim.

35. The Surety did not request any additional time or information from the Plaintiff in connection with its investigation of the Plaintiff's claim.

36. Despite Plaintiff's demands for payment under the Payment Bond, the Surety ignored Plaintiff's claim, and failed to pay the same.

37. The Surety has not offered any defense to payment of Plaintiff's claim.

38. The Surety has no defense to payment.

39. The Surety's attempt to ignore Plaintiff's claim and/or its failure to satisfy Plaintiff's claim is without any basis in law or fact.

40. By reason of the foregoing, the Surety is liable to Plaintiff under the Payment Bond and pursuant to New York State Finance Law § 137(4)(c) for reasonable attorney's fees incurred by Plaintiff in this action, in an amount to be determined after trial.

**WHEREFORE**, Plaintiff demands judgment against defendant as follows:

(a) On its First Count against defendant Fidelity and Deposit Company of Maryland in the sum of $377,075.13, together with interest thereon from the date hereof, plus attorney's fees, costs and disbursements;

(b) On its Second Count against defendants Fidelity and Deposit Company of Maryland for reasonable attorney's fees in an amount to be determined at trial, together with interest thereon from date hereof; and

(c) For such other and further relief as this Court may deem just and proper, including an award of its costs and disbursements incurred in this action.

Dated: New York, New York
       February 1, 2017

                    **MARCO & SITARAS, PLLC**
                    *Attorneys for the Plaintiff,*
                    *Rosenwach Tank Co. LLC*

By: _____ (G.S. 7148)
          George Sitaras, Esq.
          33 Whitehall Street, 16th Floor
          New York, New York 10004
          Tel. (212) 430-6410
          Email: George@gmgslaw.com